## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**v.**                          **No. 4:20-cr-102-DPM-4**

**MERCEDES ANTHONY**                                   **DEFENDANT**

### ORDER

In February 2019, a confidential informant told Investigator Cody Martin that he had seen Sara Carlton in a room at the Woodsprings Suites Motel with a large amount of methamphetamine. Investigator Martin knew Carlton from prior incidents. The informant could not remember which room Carlton was in but said it had been rented by Stacy Clinton. Investigator Martin went to the motel and a desk clerk told him that Stacy Clinton had rented room 421. He went to the room at about 1:20 p.m. and knocked. Mercedes Anthony opened the door.

The parties dispute what happened next. The United States says that Investigator Martin identified himself, told Anthony why he was there, and asked if anyone else was in the room. According to the United States, Anthony told him that Carlton was asleep on the bed and gave him permission to come inside to speak with her. Once inside, Investigator Martin saw a white substance in a bag that he suspected was methamphetamine.

Not so, says Anthony.  According to her, Investigator Martin pretended to be housekeeping so that she would open the locked door. Anthony denies giving Investigator Martin (and the two officers with him) permission to enter, and says he shoved his way inside.

Anthony moves to suppress the evidence found in the hotel room. The dispute over what happened when Investigator Martin entered the room could be grounds for a hearing.  A hearing, however, is unnecessary at this time.  Anthony has not shown by a preponderance of the evidence that she had a reasonable expectation of privacy in the hotel room.  *United States v. Bettis*, 946 F.3d 1024, 1027 (8th Cir. 2020). Anthony offers no evidence or argument on this point.  *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013).  Rather, she appears to concede that Stacy Clinton rented the room.  And she doesn't contest that the search occurred in the middle of the day. There is no indication that she was an overnight guest.  On these facts, Anthony cannot claim a reasonable expectation of privacy in the room.  *United States v. Sturgis*, 238 F.3d 956, 958-59 (8th Cir. 2001).  Her motion to suppress, *Doc. 270*, is denied without prejudice.

So Ordered.

D.P. Marshall Jr.
United States District Judge

16 November 2022

-2-